### BINGMER, Plaintiff-Appellee v. BINGMER, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3700. Decided June 5, 1944.

Horace S. Kerr, Columbus, for plaintiff-appellee.
Isadore Margulis, Columbus, for defendant-appellant.

**OPINION**

BY THE COURT:

This matter is before this court upon the motion of the

plaintiff-appellee for an order dismissing the appeal of the defendant-appellant for the reason,

(1) That the order from which the appellant prosecuted is not a final order.

(2) That the relief sought by the defendant-appellant has been adjudicated and the matter is res adjudicata.

(3) Defendant-appellant has not given bond herein.

The notice of appeal which gives rise to the motion of the defendant-appellant to dismiss an order and judgment rendered by the Court below is as follows:

"The defendant and appellant, William Bingmer, hereby gives notice of appeal to the Court of Appeals, Franklin County, Ohio, from the order and judgment rendered by the Court of Common Pleas of Franklin County, Ohio, on a motion of plaintiff to vacate a decree of divorce rendered to wit, on the eleventh day of March, 1942, in the herein case, said order was made on Saturday, December 11, 1943, and on an order overruling defendant's petition to vacate and set aside the herein divorce decree rendered on March 11, 1942 in toto, said order was made on Tuesday, December 14, 1943, in the above entitled case.

"Said appeal is on questions of law."

(Signed) "Isadore Margulis,

"Attorney for Defendant."

The notice of appeal requires a careful analysis of the matters to which the notice makes reference.

There are two orders of the Court below dated December 11, 1943. One is as follows:

"Upon application of plaintiff and for good cause shown, it is ordered that the decree of divorce heretofore rendered, to wit, on the 11th day of March, 1942, in the above styled action be, and the same hereby is, vacated and set aside, and plaintiff is hereby granted the right to file a second amended petition herein forthwith.

"It is further ordered that the order for alimony, the care, control and custody of the minor son of the parties hereto, and the order for the support and maintenance of said minor son, together with all subsequent orders made in this cause, shall remain in full force and effect.

"It is further ordered that the title to the real estate decreed to plaintiff shall remain in full force and effect. To all of which finding and order the defendant by and through his counsel excepts."

The second order of December 11, 1943, refers to the giving of bond, but is not of consequence in this matter.

An entry appears under date of December 14, 1943, referred to in the notice of appeal, reciting that,

"The court upon application of plaintiff set aside and vacated the decree of divorce heretofore rendered, in the above styled action, to wit, on the eleventh day of March, 1942. The defendant's petition to vacate judgment, after term and to set aside the divorce decree herein including the award of the real estate decreed to the plaintiff as and for permanent alimony is hereby overruled.

"To all of which orders and findings the herein defendant by and through his counsel excepts."

In the petition to vacate the judgment after term filed by William Bingmer against Helen Bingmer on October 20, 1942, under case No. 29,317, it is recited that the plaintiff, William Bingmer, represents to the Court that on the 11th of March, 1942, in an action wherein the defendant herein was plaintiff and this plaintiff was defendant a judgment was rendered by default and a divorce decree was entered against him in No. 27,139, wherein the Court granted the defendant herein a divorce, full and complete title to all the household goods and granted the defendant a divorce with certain relief by way of temporary and permanent alimony, and divesting all the right and title of said real estate owned by the plaintiff, William, and transferred the same to the defendant, Helen, and wherein the Court ordered that the plaintiff, William, pay as alimony the sum of $12.00 each week, shall be modified but not vacated. The plaintiff, William, represents that the judgment and divorce decree was rendered on publication of service in which certain defects are noted. The plaintiff represents that the judgment is absolutely void for irregularity in service and he asserts that he wishes to defend himself in case No. 27,139, and prays that the judgment be vacated and set aside in toto as to him and a receiver of the property be appointed and an injuction issued against the defendant, Helen Bingmer, preventing her from disposing of or encumbering the real estate.

To the petition of the defendant-appellant in this case the plaintiff-appellee files an answer making certain admissions and denying other facts, and alleging that the plaintiff should be denied relief in the action for the reason that he is not in court with clean hands; that his adulterous relations with Rose Dolfinger were clearly established.

It will thus appear that the defendant-appellant in this Court brought an action in the Court below against the plaintiff-appellee under a new title and a new number, wherein the parties were set out in reverse order to the style of this proceeding. We, however, are of the opinion that this error, if any, upon the part of the defendant below was corrected by the order of the court in which it is ordered that the two cases be consolidated under No. 27,139.

The plaintiff-appellee during the course of her proceeding in the Court below made application to set aside the judgment which she had secured. This is rather an unusual proceeding, but is alleged to be on account of some defects in service and for the purpose of preserving a proper title to the real estate involved. Had the Court below a right, when it set aside the judgment for divorce to do so without setting aside the judgment theretofore entered in reference to the alimony, both temporary and permanent? This question will properly come up for determination after we have disposed of the motion to dismiss the appeal. Did the Court err in not setting aside every order of the Court effecting the alimony which must necessarily have been based upon an order of the Court granting the divorce? This question was sought to be presented by the defendant-appellant's petition to vacate the judgment after term filed October 20, 1942. From the judgment of the Court on this point appeal was taken.

Under date of December 11, 1943, plaintiff-appellee filed a second amended petition that she may be grantd a divorce from the defendant. This petition has not been heard.

It thus appears that there is an order of the Court below extant granting certain rights to the plaintiff below in the nature of permanent alimony, and an award to her of real estate held in her husband's name, but no order granting her a divorce.

Plaintiff-appellant files a motion to dismiss both appeals on the ground that the order from which each appeal is prosecuted is not a final order. A final order as defined in §12222-2 GC is one affecting a substantial right when in effect it determines the action and prevents a judgment affecting the substantial right. The order still extant granting to the plaintiff below certain alimony rights in her husband's property does effect a substantial right, and we believe is a **final** order affecting the substantial right of the defendant-appellant.

We, therefore, find that the first ground of the motion of the plaintiff is not well taken and should be overruled.

As to the second ground of the motion, the matter referred to relates entirely to those proceedings that lead to an order adjudging the defendant guilty of contempt by failure to comply with the Court's order to pay his wife's temporary alimony. That matter has been finally disposed of by this Court, which judgment was sustained by the Supreme Court. However, the same does not relate to the matter now before us and is in our judgment not res judicata. The second ground of the motion will be overruled.

This being an appeal upon questions of law the defendant below is not required to give bond, and the third ground of the motion will be overruled.

Motions to dismiss appeal overruled.

Although the appellee has filed no brief on the merits of the appeal the appellant has filed his brief. We find that there is but one question of consequence upon the facts appearing, viz; whether or not the trial court had the power to set aside the decree of divorce to plaintiff and leave unmodified the order awarding to the plaintiff the real estate which stood in the name of the husband and the wife.

Upon the original action for alimony only, upon which it appears the service of process was regular, the Court was without power to make division of real property or an award of defendant's share of the real estate to the plaintiff, **Durham v Durham, 104 Oh St 7.** At page 11, Judge Jones says:

"The award, whether denominated alimony or a share of the property, is made only where divorce has been obtained."

This quoted language is also dispositive of the right of the Court to make an award of the real estate of defendant without a decree of divorce to support it and requires the conclusion that it may not be done.

We then determine that upon the merits of this appeal the trial judge should modify the order as it relates to the award of the real estate in conformity with this opinion. It will be so ordered.

BARNES, P. J., HORNBECK and GEIGER, JJ., Concur.